Para Transit Corporation, etc. et al., Appellants
*v.* County of Monroe et al., Appellees.

Argued June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Edwin Krawitz,* for appellants.

*Peter F. Cianci,* with him *John W. Dry,* for appellees.

OPINION BY JUDGE DOYLE, December 15, 1983:

This is an appeal from a decision made by the Court of Common Pleas of Monroe County which sustained Monroe County's (County) preliminary objections to a petition for the appointment of viewers made by appellants, Para Transit Corporation and Irving S. Karpe (Karpe). Karpe requested the appointment of viewers to assess the damage he suffered as a result of an alleged violation of the Municipal Authorities Act (Act)[1] and the ensuing uncompensated de facto taking of the business profits of Karpe by the County in violation of the Eminent Domain Code.[2]

Karpe operated a call or demand taxicab service and a paratransit service in Monroe County. On October 5, 1979, the Monroe County Transportation Authority (Authority) was established to operate a scheduled route service system in Monroe County, Pennsylvania. The Authority was created under the auspices of the aforementioned Act. Karpe petitioned for the appointment of viewers alleging that as a consequence of the creation of the scheduled route service his business was destroyed. He alleged violation of the Act and of the Eminent Domain Code stating that by establishing the new transportation system, the County competed directly with his enterprise and, in effect, took his business profits without any compensation. The Court of Common Pleas of Monroe County sustained the County's preliminary objections stating that there was no violation of the Act because

---

[1] Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §301-322.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101 through 1-903.

of the differences in the nature of the services which Karpe and the County provide.

Section 2 of the Municipal Authorities Act states, in pertinent part:

> The purpose and intent of this act being to benefit the people of the Commonwealth, by, among other things, increasing their commerce, health, safety and prosperity and not to unnecessarily burden or interfere with existing business by the establishment of competitive enterprises, none of the powers granted by this act shall be exercised in the construction, improvement, maintenance, extension or operation of any project or projects which in whole or in part shall duplicate or compete with existing enterprises serving substantially the same purposes.

53 P.S. §306A. The issue thus presented is whether the services provided for by the County do in fact duplicate or compete with the enterprises of Karpe. If the services provided by the County's new scheduled route service are distinct, there is no violation of the Municipal Authorities Act and no de facto taking of Karpe's property.

The most important factors which distinguish the different types of services are the seating capacity of the vehicles and the route schedules. The different and varying types of service are encompassed in regulations promulgated under the Act. Scheduled route vehicles, *i.e.,* buses, are not permitted to deviate from a designated route without specific authorization.[3] Scheduled route service vehicles must have a seating capacity of at least six persons, excluding the driver.[4]

---

[3] 52 Pa. Code §29.302(b).
[4] 52 Pa. Code §29.304.

Call or demand taxi service may only operate vehicles which seat no more than eight passengers, excluding the driver[5] and are prohibited from interfering with scheduled route service,[6] but may travel anywhere within their authorized territory.[7] Paratransit service vehicles, on the other hand, provide transportation for groups of less than fifteen passengers, excluding the driver,[8] and may not provide services filled by either call or demand taxis, or scheduled route services.[9] These three services fill distinct needs within the community. The route and vehicle capacity requirements protect each classificatioon from destructively competing with another classification.

In a case similar to the case at bar, *SEPTA v. Yellow Limousine Service, Inc.*, 10 Pa. Commonwealth Ct. 572, 312 A.2d 79 (1973), a limousine and call or demand service company protested the extension of SEPTA's scheduled route service into an area where the company's cabs and limousines were operating. We stated that this did not constitute unfair competition, reasoning that a paratransit and taxicab service do not serve substantially the same purpose as a mass transit system operating on scheduled routes. *Id.*

Each service is different and fills a different need in the community. As such they cannot be said to serve substantially the same purpose. The establishment of a new scheduled route service is consistent with the Municipal Authority Act and does not constitute a de facto taking of Karpe's business profit.

Because we have concluded that there has been no taking, it is not necessary for our purposes to decide

---

[5] 52 Pa. Code §29.314(a).

[6] 52 Pa. Code §29.312(2).

[7] 52 Pa. Code §29.312(5).

[8] 52 Pa. Code §29.354(a).

[9] 52 Pa. Code §29.353(2).

whether the property discussed herein could constitute the type of property interest compensable under the Pennsylvania Eminent Domain Code.

The decision of the Court of Common Pleas sustaining the preliminary objections to the petition for the appointment of viewers was without error and is, therefore, affirmed.

ORDER

Now, December 15, 1983, the order of the Court of Common Pleas of Monroe County in the above referenced matter, dated May 10, 1982, is hereby affirmed.